**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 1 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL | § |
| DISTRICT, AND VICTOR RUBALCABA, | § |
| OSCAR GUTIERREZ, JOHN KELLOGG, | § |
| RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY | § |
| AND IN THEIR OFFICIAL CAPACITY AS | § |
| MEMBERS OF THE BOARD OF TRUSTEES, | § |
| *Plaintiffs*, | § |
| | § |
| v. | § |
| | § |
| JIM NELSON, IN HIS OFFICIAL CAPACITY | § |
| AS COMMISSIONER OF EDUCATION, | § |
| AND THE TEXAS EDUCATION AGENCY, | § |
| *Defendants*. | § |
| | § |

CIVIL ACTION NO._____

B -01- 190

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendants Jim Nelson, in his official capacity as Commissioner of Education, and the Texas

Education Agency, respectfully show the following:

1.      This removal is pursuant to 28 U.S.C. § 1441(b).  Plaintiffs allege that Defendants violated

the Voting Rights Act of 1965 and the Constitution of the United States.

2.      This action was originally filed in the 107th Judicial District Court of Willacy County, Texas

on November 9, 2001, in Cause No. 01-349.  Plaintiffs are the Raymondville Independent School

District, Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, and Harry Cavazos.

Defendants are  Jim Nelson, in his official capacity as Commissioner of Education, and the Texas

Education Agency.  Venue is proper in the United States District Court for the Southern District of

Texas, Brownsville Division.

3.      Plaintiffs allege that state statutes (in Chapter 39 of the Texas Education Code) authorizing Defendant Nelson, as Commissioner of Education, to appoint a monitor for the Raymondville Independent School District violate Plaintiffs' rights under the Voting Rights Act, 42 U. S. C. §1973c, and the Constitution of the United States.

4.      Plaintiffs have not requested a trial by jury within their original petition.

5.      Plaintiffs' allegations raise federal questions under the Voting Rights Act of 1965, 42 U.S.C. § 1973c, and the Constitution of the United States. Plaintiffs also allege a claim under state law, specifically, the state constitution.

6.      The pleading alleging that Defendants have violated Plaintiffs' rights under the Voting Rights Act and the Constitution of the United States was filed in state court on November 9, 2001. A copy of the pleading was delivered to Defendants on November 12, 2001, although it has not been formally served on Defendants as of the date of this Notice. Defendants have thirty (30) days after service in which to remove. Therefore, this removal is timely. Defendants will answer within the time limit provided by the Federal Rules of Civil Procedure.

7.      True and correct copies of all pleadings in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a). No executed process is being filed because Defendant has not yet been formally served with process. Also attached, in accordance with Southern District Local Rule 81, are an Ex Parte Temporary Restraining Order and Notice to Appear issued by the state court on November 9, 2001; the state court docket sheet; Index of Matters Being Filed; and List of All Counsel of Record.

ACCORDINGLY, Defendants pray that this cause be removed to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to §1441 of Title 28 of the United States Code.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division


JEFF A. ARMSTRONG
Assistant Attorney General
Attorney in Charge
Texas Bar No. 01321050
P. 0. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested on November 14, 2001, to:

Gustavo L. Acevedo, Jr.
Attorney at Law
1906 Tesoro Blvd
Pharr, TX 78577

JEFF A. ARMSTRONG
Assistant Attorney General

*Raymondville Notice of Removal*

*Page 4*

CAUSE NO. 01 - 349

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, and VICTOR RUBALCABA, OSCAR GUTIERREZ JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, **Plaintiffs** | § § § § § § § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 107th JUDICIAL DISTRICT |
| JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY **Defendants** | § § § § § § | WILLACY COUNTY, TEXAS |

## EX-PARTE TEMPORARY RESTRAINING ORDER AND NOTICE TO APPEAR

On this day, the Court considered PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER. After considering the motion, the Court finds there is evidence of imminent harm to Plaintiff, and if the Court does not issue the temporary restraining order, Plaintiff will be irreparably injured because the Plaintiff's voting rights will be violated. Specifically, if Defendant begins to make decisions for the Board of Trustees, the rights of the Plaintiffs to make decisions as representatives of the constituents with regard to the issues addressed by the Defendants will be forever gone. In addition, if the monitor begins to make decisions for the Board of Trustees, the reputation n of the Board and the District will be forever tarnished.

An ex parte order, without notice to Defendants, was necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before the irreparable injury occurred. Specifically, the Defendant is scheduled to arrive at the Raymondville Independent School District on Tuesday, November 13, 2001 to begin the conduct that Plaintiff is



FILED

NOV - 9 2001
11:55a.

seeking to enjoin. There is not adequate time to give notice to Defendant and hold a hearing before Tuesday, November 13, 2001.

**IT IS THEREFORE ORDERED** that Plaintiffs' Application For Temporary Restraining Order should be granted restraining Defendants, their agents, servants, and employees from directly or indirectly from:

A.    Sending a Monitor to Raymondville ISD on November 13, 2001.

B.    Taking any actions against Raymondville ISD and its Board of Trustees which infringe upon their rights under the U.S. and Texas Constitutions and the Federal Voting Rights Act.

C.    Imposing any further unannounced sanctions or retaliating against Raymondville ISD or its Board of Trustees.

**THE COURT FURTHER ORDERS** the clerk to issue notice to Defendants, that the hearing on Plaintiffs' Application for temporary injunction is set for _Nov. 16_, 2001, at _9:00 AM_ The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

**IT IS FURTHER ORDERED** that Bond is set in the amount of _$1,500.00_.
This order expires on _November 22_, 2001.
SIGNED on this the _9_ day of November, 2001, at _10:50_ a.m./p.m.

_____
**JUDGE PRESIDING**

# CIVIL DOCKET

In the 107 District Court

CASE NO. 01-349

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  | Mo | Day | Year |
| 01-349 | Raymondville Independent School District and Victor Rubalcaba, Omar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees | Gustavo L. Acevedo, Jr. 1906 Tesoro Blvd. Pharr, TX 78577 Pltf. | Violation of Rights | 11 | 9 | 01 |
|  | vs. |  | Jury Fee. |  |  |  |
|  | Jim Nelson, In his Official Capacity as Commissioner of Education and the Texas Education Agency |  | Pltd by |  |  |  |

| FEE BOOK | Vol. | Page | Jury No |
|---|---|---|---|

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| Month | Day | Year | |

| MINUTE BOOK | | PROCESS |
|---|---|---|
| Vol. | Page | |
|  |  | Plaintiffs' Original petition for Declaratory Judgment, Request for Temporary Restraining Order and Injunction filed 11-9-01 |
|  |  | Ex-Parte Temporary Restraining Order and Notice to Appear filed 11-09-01 |
|  |  | Bond filed 11-09-01 |
|  |  | Citation issued 11-09-01 Jim Nelson |
|  |  | Service issued 11-09-01 Jim Nelson |

CAUSE NO. 01 - 349

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, and VICTOR RUBALCABA, OSCAR GUTIERREZ JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES,<br><br>       **Plaintiffs**<br><br>vs.<br><br>JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY<br>       **Defendants** | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br><br><br>107ᵗʰ JUDICIAL DISTRICT<br><br><br><br>WILLACY COUNTY, TEXAS |

## BOND

Whereas, in Cause <u>01- 349</u>, pending in the District Court No. <u>107ᵗʰ</u>, styled <u>Raymondville Independent School District, and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Member of the Board of Trustees vs. Jim Nelson, In his Official Capacity as Commissioner of Education and the Texas Education Agency</u>, the Honorable Court, did on the 9ᵗʰ day of November, 2001, sign an order granting a temporary restraining order against Jim Nelson and Texas Education Agency and requiring Raymondville Independent School District and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Member of the Board of Trustees, Plaintiffs', to make execute and file an injunction bond in the sum of $1,500.00, payable to the adverse party before issuance of the writ of injunction; therefore;

      Know all men by these presents, that we, the undersigned Gustavo L. Acevedo, Jr., and

NOV - 9 2001
11:55 AM

Gilbert L. Vasquez, individually and officially as General Counsel for the Board of Trustees for
Raymondville ISD, as principal, Gustavo L. Acevedo, Jr. and Gilbert L. Vasquez as sureties,
acknowledge ourselves bound to pay to Jim Nelson and the Texas Education Agency the sum of
$ 1500.00, conditioned that Plaintiffs' will abide by the decision that may be made in the
aforesaid cause, and that they will pay all sums of money and costs that may be adjudged against
them if the temporary injunction issued on November 8th, 2001, in the aforesaid cause, enjoining
Jim Nelson and the Texas Education Agency, shall be dissolved in whole or in part.

WITNESS our hands November 8th, 2001.

GUSTAVO L. ACEVEDO, JR.
As General Counsel
For Raymondville Independent School District

GILBERT L. VASQUEZ
Attorney at Law

Approved: November 8, 2001.

Chago Fonseca, District Clerk
107th District Court
Willacy County, Texas

BY: Brenda Manoguen
Deputy Clerk

CAUSE NO. _01-349_

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT | § | IN THE DISTRICT COURT |
| SCHOOL DISTRICT, and VICTOR | § | |
| RUBALCABA, OSCAR GUTIERREZ | § | |
| JOHN KELLOGG, RAY SOLIS, HARRY | § | |
| CAVAZOS, INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITY AS | § | |
| MEMBERS OF THE BOARD | § | |
| OF TRUSTEES, | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | _107_ JUDICIAL DISTRICT |
| | § | |
| JIM NELSON, IN HIS OFFICIAL | § | |
| CAPACITY AS COMMISSIONER OF | § | |
| EDUCATION AND THE TEXAS | § | |
| EDUCATION AGENCY | § | |
| **Defendants** | § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT, REQUEST FOR TEMPORARY RESTRAINING ORDER and INJUNCTION

### TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Raymondville Independent School District and Victor Rubalcaba, Oscar Gutierrez,

John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of

the Board of Trustees file this their Plaintiffs Original Petition for Declaratory Judgment, Request

for Temporary Restraining Order, and Injunction complaining of actions taken by Defendant, Jim

Nelson, in his official capacity as Commissioner of Education and the Texas Education Agency and

in support thereof would show as follows:

I.

### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level II of the Texas

Rules of Civil Procedure.

## II.

## PARTIES

Plaintiffs, Raymondville Independent School District is a school district located entirely in Willacy County. Plaintiffs Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees all reside in Willacy County.

Defendant Jim Nelson in his official capacity is the Commissioner of Education he may be served with process at 1701 North Congress Avenue, Austin, Texas 78701-1494. The Texas Education Agency is an agency of the State of Texas and may be served with process by serving the Honorable Jim Nelson, Commissioner of Education at 1701 North Congress Avenue, Austin, Texas 78701-1494. Service of citation shall be by a private process server.

## III.

## JURISDICTION

This Court has jurisdiction pursuant to the Tex. Gov't Code §25.000 and 25.0004, the Texas Constitution, the Texas Declaratory Judgment Act, the Texas Education Code and the Federal Voting Rights Act. The Court has jurisdiction over this matter because the issues, the relief requested and the damages are within the jurisdiction of this Court.

## IV.

## FACTS

On or about July 16-17, 2001, employees of the Texas Education Agency (TEA) in Austin descended upon Raymondville ISD (RISD) to investigate complaints made against the school district by disgruntled ex-members of the RISD Board of Trustees and a few of community members who were likewise upset that their people would no longer have political control of the Board of Trustees.

During that TEA "investigation", the employees of the TEA badgered, harassed, insulted and otherwise attempted to humiliate members of the Board of Trustees and the administrative staff of RISD. When the TEA employees were informed that their tactics had left one RISD employee in tears, the TEA employee's response was "well, if she can't handle this type of pressure, maybe she needs to get a new job."

On or about September 5, 2001, these same employees issued a preliminary report. The report stated that two out of the three allegations they were sent to investigate were unsubstantiated.

The charge which the TEA claimed was substantiated was the governance violation. Upon information and belief, the TEA has never concluded that an allegation of governance by Board members in a predominantly Hispanic district is unsubstantiated. The TEA, over the years and up until this present day, uses a finding of governance as a reason to impose oversight upon predominantly Hispanic governed districts. To add insult to injury, Texas Education Code §39.131 (d) requires the district to pay for this unwanted oversight.

None of the "governance violations" set forth in the report violated any specific line of authority set forth in the Education Code. In fact, the actions in the report show that the Board members were merely making legitimate inquires on behalf of the constituents they were elected to represent. There is no evidence that any Board member acted illegally.

Since the preliminary report contained no sanctions, the Board chose not to seek informal review to correct the innumerable misstatements of law and fact. Had the Board known that failure to challenge the report would result in the imposition of such asinine sanction as the requirement that the Board take classes on Roberts Rule of Order or that their failure to clarify the TEA report's gross distortions of the Education Code would result in the imposition of a monitor which they would have to pay for, the Board would have challenged the report.

On October 11, 2001, the Commissioner issued his final report which contained numerous "Required Actions" and sanctions not contained in the preliminary report. When the Board asked the Commissioner to reconsider based on the fact that the Board felt it had been duped, the Defendants' response was that these final reports were not subject to reconsideration. Further, Defendant Nelson informed RISD in another letter that a monitor would arrive on November 13, 2001 to begin his oversight of the district, paid for by the district.

## V.

## CAUSES OF ACTION

### Violation of Rights Under U.S. and Texas Constitution and The Federal Voting Rights Act

Plaintiffs aver that Texas Education Code §39.074, .075, .076 and .131 violates their due process rights under the U.S. and Texas Constitutions. Specifically, the failure to require the TEA to advise a school district of the TEA's recommended actions and final sanctions in the preliminary report, before the issuance of the final report, which is not subject to reconsideration, is a violation of the Board member's rights under the U.S. and Texas Constitutions. Additionally, the failure to inform the Board of the required actions and sanctions prior to the appointment of an individual with oversight authority over the school district is an infringement on the elected Board members rights under the Federal Voting Rights Act.

Further, the imposition of sanctions against the Plaintiffs by Defendants for violation of "governance" provisions which are nowhere defined in the Education Code is a violation of the U.S. and Texas Constitution and an infringement on Plaintiffs' rights under the Voting Rights Act. As such, the Texas Education Code provisions permitting the appointment of a monitor is unconstitutionally vague and infringes upon the rights of elected officials under the Voting Rights Act.

## VI.

## ATTORNEYS FEES

Plaintiffs have s retained the law offices of Gustavo L. Acevedo, Jr. and Gilbert L. Vasquez to represent Plaintiffs in this action and have agreed to pay the attorneys reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiffs would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code, the Declaratory Judgment Act and the United States and Texas Constitution, and the Federal Voting Rights Act.

## VII.

## RELIEF REQUESTED

Plaintiffs request that the Court set a fair and reasonable bond and grant the following temporary restraining order as necessary and equitable relief for Plaintiffs protection. As set forth above, immediate and irreparable injury, loss, or damage will result to Plaintiffs if this relief is not granted before notice can be served and a hearing can be held. Plaintiffs request that Defendants be temporarily restrained immediately, without hearing, and upon notice and hearing, Defendants temporarily enjoined, pending the further order of this Court.

Plaintiffs request the Court, after notice and hearing, to dispense with the issuance of a bond, to issue any appropriate temporary injunctions for Plaintiffs' protection as deemed necessary and equitable. Specifically, Plaintiffs request that the Court enjoin and restrain Defendants from the following:

A.    Sending a Monitor to Raymondville ISD on November 13, 2001.

B.    Taking any actions against Raymondville ISD and its Board of Trustees which infringe upon their rights under the U.S. and Texas Constitution and the Federal

Voting Rights Act.

C.  Imposing any further unannounced sanctions or retaliating against Raymondville ISD or its Board of Trustees.

**WHEREFORE,** Plaintiffs request that Defendants be cited to appear and answer herein, and that on final hearing, Plaintiffs have judgment declaring as follows:

1.  Sending a Monitor to Raymondville ISD on November 13, 2001.

2.  Taking any actions against Raymondville ISD and its Board of Trustees which infringe upon their rights under the U.S. and Texas Constitution and the Federal Voting Rights Act.

3.  Imposing any further unannounced sanctions or retaliating against Raymondville ISD or its Board of Trustees.

4.  That Raymondville ISD be given the opportunity to refute the gross distortions facts and misstatements of law contained in the TEA report and that upon such presentation that the report be corrected and amended to accurately reflect the true facts and the law.

5.  Attorney's fees.

6.  Costs of suit.

7.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

GUSTAVO L. ACEVEDO, JR.
State Bar No. 00829805
Attorney at Law
1906 Tesoro Blvd.
Telephone: (956) 783-7880
Facsimile:  (956) 783-7884

GILBERT L. VASQUEZ
State Bar No. 00797593

ATTORNEY'S FOR PLAINTIFFS

## VERIFICATION

**BEFORE ME**, the undersigned Notary Public, on this day personally appeared **GILBERT L. VASQUEZ**, who, being by me duly sworn on oath deposed an said that he is the Plaintiffs in the above-entitled and numbered cause; the he has read the above and foregoing Plaintiffs Original Petition For Declaratory Judgment, Request For Temporary Restraining Order and Injunction and that every statement contained therein is within his personal knowledge and is true and correct.



GILBERT L. VASQUEZ

**SUBSCRIBED AND SWORN TO BEFORE ME**, on this the 8th day of November, 2001, to certify which witness my hand and official seal.

(SEAL)

NELDA GUAJARDO
Notary Public
STATE OF TEXAS
My Comm. Exp.12-12-2004

Nelda Guajardo
Notary Public in and for Hidalgo County, Texas

# CIVIL DOCKET

In the 107 District Court

CASE NO. 01-349

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 01-349 | Raymondville Independent School District and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees | Gustavo L. Acevedo, Jr. 1906 Tesoro Blvd. Pharr, TX 78577 | Violation of Rights | 11 | 9 | 01 |
| | -vs- | | | | | |
| | Jim Nelson, in his Official Capacity as Commissioner of Education and the Texas Education Agency | | | | | |

| FEE BOOK | | | | | | Jury Rec. | |
|---|---|---|---|---|---|---|---|
| Vol. | Page | | | | Jury No | Paid by | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol | Page | Jury No |

Stenographer Was Used?

ORDERS OF COURT:

Plaintiffs' Original petition for Declaratory Judgment, Request for Temporary Restraining Order and Injunction filed 11-9-01

Ex-Parte Temporary Restraining Order and Notice to Appear filed 11-09-01

Bond filed 11-09-01

Citation Issued 11-09-01 Jim Nelson

Excerpt Issued 11-09-01 Jim Nelson

B -01- 190

United States District Court
Southern District of Texas
FILED

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

NOV 15 2001

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use
of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

Michael N. Milby
Clerk of Court

## I. (a) PLAINTIFFS
Raymondville Independent School District,
and Victor Rubalcaba, Oscar Gutierrez,
John Kellogg, Ray Solis, Harry Cavazos,
Individually and in their Official Capacity as

## DEFENDANTS
Jim Nelson, in his Official Capacity as
Commissioner of Education and the Texas
Education Agency,
Members of the Board of Trustees,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Willacy
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Travis
(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gustavo L. Acevedo, Jr.
Attorney At Law
1906 Tresoro Blvd.          956-783-7880
Pharr, TX  78577

ATTORNEYS (IF KNOWN)
Jeffrey A. Armstrong     512-463-2120
Assistant Attorney General
P. O. Box 12548
Austin, TX  78711

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 341 0 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☒ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1331, Federal Voting Rights Act: 42 U.S.C. (1973c)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER FR C.P. 23

DEMAND $
not applicable

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE  11-16-01

SIGNATURE OF ATTORNEY OF RECORD
X Ramiro Canales SD# 29533 for Jeff Armstrong

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____



OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

November 14, 2001

United States District Court
Southern District of Texas
FILED

NOV 1 5 2001

Michael N. Milby
Clerk of Court

*Via Overnight Mail, UPS*
**Southern District Clerk, Brownsville Division**
Juan Barbosa, Deputy in Chg.
600 E. Harrison Street, Room 11
Brownsville, TX 78520-7114

RE:   **Removal action;** originally filed in the 107th Judicial District of Willacy County, Texas as Cause No.01-349 styled *Raymondville Independent School District, et al. v. Jim Nelson, et al.*

**Federal Court Civil Action No.** _____

Dear Mr. Barbosa:

Enclosed for filing in the above-referenced action, please find the following documents:

1.   Copy of this transmittal letter for file-marking and return;
2.   Original of the Civil Cover Sheet;
3.   Original of the Notice of Removal;
4.   An index of matters being filed;
5.   A copy of all state court pleadings asserting causes of action and all answers to such pleadings;
6.   Copy of the state court docket sheet;
7.   A designation of all counsel of record; and
8.   A check for federal filing fee of $150.00.

Please note the time and date of filing **and also the new civil action number** on the enclosed copies and return them to me for my records in the envelope provided. By copy of this letter, we are transmitting a true and correct copy of these documents as indicated below.

Thank you for your assistance in this matter.

Very truly yours,

JEFF A. ARMSTRONG
Assistant Attorney General
General Litigation Division
(512) 463-2120

encls

cc:   Gustavo L. Avevedo, Jr. *(via certified mail, RRR)*
David Anderson, TEA