UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, AND VICTOR RUBALCABA, OSCAR GUTIERREZ, JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, *Plaintiffs*, <br><br> v. <br><br> JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY, *Defendants*. | § § § § § § § § § § § § § § § § |

CIVIL ACTION NO. B-01-0190

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Subject to their previously-filed Motion to Dismiss for Failure to State a Claim, Defendants JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY, by and through their attorneys of record, the Attorney General of Texas and the undersigned assistant attorney general, file their Original Answer to Plaintiffs' Original Petition for Declaratory Judgment, Request for Temporary Restraining Order and Injunction ("Petition"). Defendants would respectfully show this Court the following:

## ORIGINAL ANSWER

Pursuant to the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in Plaintiffs' Petition except those expressly admitted in this pleading. The following paragraph numbers match the corresponding paragraphs in Plaintiff's Petition to which specific responses are appropriate.

I. There is no need to admit or deny this paragraph.

II. Defendants admit that Raymondville Independent School District ("Raymondville ISD") is located in Willacy County, that Defendant Nelson is the Commissioner of Education for the State of Texas, and that the Texas Education Agency is an agency of the State of Texas. Defendants are without knowledge or information sufficient to form a belief as to the remainder of the averments in this paragraph.

III. Defendants admit that this Court has jurisdiction under the Voting Rights Act, but deny the remainder of the averments in this paragraph.

IV. Defendants admit the following averments in Paragraph IV of the Petition:

- The Texas Education Agency received complaints from district staff, a district trustee, and citizens of Raymondville about Raymondville ISD. Some of the complaints alleged that members of the school board of Raymondville ISD had acted outside the bounds of their legal authority as board members. Such acts are considered governance violations.

- Under these circumstances, § 39.075(a)(6) of the Texas Education Code empowers the Commissioner of Education to authorize special accreditation investigations when there may be "a violation of a role or duty of the board members or the administration clearly defined by this code." TEX. EDUC. CODE § 39.075(a)(6).

- After review of information received by the Agency, Commissioner Nelson authorized a special accreditation investigation. Appropriate notice was sent to the school board and to the interim superintendent of Raymondville ISD. A special accreditation team was formed at the Agency for the purpose of investigating the complaints.

- In July 2001 the special accreditation team made an on-site visit to Raymondville ISD. Members of the special accreditation team interviewed employees and officials of the school district, including members of the school board and the interim superintendent. Complainants were also interviewed.

- Upon completion of the investigation, the special accreditation team issued a Preliminary Investigative Report in September 2001. The report found governance violations by board members.

- The Preliminary Investigative Report was provided to all school board members. Pursuant to § 39.076 of the Texas Education Code, the Preliminary Investigative Report stated that an informal review of its findings would be conducted if a request was made for such a review. None of Plaintiffs requested a review of the findings of the Preliminary Investigative Report.

- A Final Investigative Report was issued in October 2001. Pursuant to §§ 39.075 and 39.131 of the Texas Education Code, the Final Investigative Report recommended the assignment of a monitor to Raymondville ISD as a sanction for governance violations. The Final Investigative Report was sent to the interim superintendent and the members of the school board of Raymondville ISD.

- Commissioner Nelson accepted the findings of the Final Report and assigned a monitor to Raymondville ISD.

- The interim superintendent and the president of the school board of Raymondville ISD then wrote a letter to Commissioner Nelson, asking him to reconsider the Commissioner's

decision to assign a monitor. Commissioner Nelson reviewed the request and rejected it, based on the unchallenged findings in the Report.

Defendants deny the remainder of the averments in Paragraph IV of the Petition.

V. Defendants deny the averments in this paragraph.

VI. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of this paragraph. Defendants deny the remainder of the averments in this paragraph.

VII. Defendants admit that Plaintiffs apparently are seeking the stated relief, but deny that Plaintiffs are entitled to any relief.

## DEFENSES

1. Defendants assert the defenses of Eleventh Amendment and sovereign immunity.

2. Defendants assert that their actions were reasonable and proper under the law.

3. Defendants assert the defenses of waiver and estoppel.

4. Defendants assert that Plaintiffs do not have standing, capacity, or the right to assert alleged violations of due process under the Constitution of the United States or due course of law under the constitution of the State of Texas.

5. Defendants assert that Plaintiff Raymondville ISD is not a person within the meaning of the due process clause of the Constitution of the United States and is not a citizen within the meaning of the due course of law provision of the constitution of the State of Texas.

6. Defendants assert the defense of failure to exhaust administrative remedies.

7. Defendants assert that the exclusive remedy and exclusive jurisdiction for Plaintiffs' complaint about the assignment of a monitor to Raymondville ISD lies in the state district court of Travis County.

8. Defendant Nelson asserts the defenses of official and qualified immunity.

9. Defendants assert that Plaintiffs have failed to state a claim on which relief may be granted.

10. Defendants assert the right to raise additional defenses that become apparent through the factual development of the case.

.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

*Jeff A. Armstrong with permission*
JEFF A. ARMSTRONG
Texas Bar No. 01321050                *Ramiro Canales*
Assistant Attorney General            *Southern District No:*
General Litigation Division
P.O. Box 12548, Capitol Station        *29533*
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I, Jeff A. Armstrong, do hereby certify that a true and correct copy of the above and foregoing document was on this December 4, 2001 sent via certified mail, return receipt requested, and/or regular U. S. mail to:

Gustavo L. Acevedo, Jr.
Attorney at Law
1906 Tesoro Boulevard
Pharr, TX 78577


_Jeff A. Armstrong with permission_
JEFF A. ARMSTRONG
Assistant Attorney General

_Ramiro Canales_
_Southern District No:_
_29533_