UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAYMONDVILLE INDEPENDENT § <br> SCHOOL DISTRICT, AND § <br> VICTOR RUBALCABA, OSCAR § <br> GUTIERREZ, JOHN KELLOGG, RAY § <br> SOLIS, HARRY CAVAZOS, § <br> INDIVIDUALLY AND IN THEIR § <br> OFFICIAL CAPACITY AS MEMBERS § <br> OF THE BOARD OF TRUSTEES, § <br>     PLAINTIFFS § <br> § <br> V. § <br> § <br> JIM NELSON, IN HIS OFFICIAL § <br> CAPACITY AS COMMISSIONER OF § <br> EDUCATION AND THE TEXAS § <br> EDUCATION AGENCY § <br>     DEFENDANTS § | CIVIL ACTION NO. B-01-0190 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS FOR FAILURE TO**
**STATE A CLAIM**

    **COMES NOW,** Plaintiffs Raymondville Independent School District, and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity As Members of the Board of Trustees, and files this their Plaintiffs' Response to Defendants' Motion To Dismiss For Failure To State A Claim and in support thereof would show as follows:

I.

**Defendant's Motion To Dismiss misstates Plaintiffs' causes of action.**

    Plaintiffs' Motion To Dismiss misstates Plaintiffs' cause of action with respect to their due process claim. Specifically, Defendants allege that Raymondville I.S.D. cannot assert a due process claim. Defendants have carefully ignored the fact that in addition to Raymondville I.S.D, the lawsuit was brought on behalf of board members in both their <u>official</u> and <u>individual</u> capacities. It

is the individual named Plaintiffs who are complaining of the Commissioner of Education's arbitrary and capricious actions.

The appointment of a monitor by the Commissioner of Education in this case was based on the lawful actions taken by the board members in both their official and individual capacities. As elected members to the Board of Trustees, they represent a constituency of comprised citizens, tax payers and patrons of the school district. It is axiomatic that as an elected official, they have the constitutional right under both the Texas and United States Constitutions to represent their constituencies. The Commissioner of Education has sanctioned the Plaintiff school district and the individual board members in both their individual and official capacities because these board members engaged in actions which, although deemed "governance" violations by the Commissioner, were in fact lawful actions by the board members in representing their constituencies. Clearly, sanctioning board members who are engaging in the lawful representation of their constituencies without first advising them of those proposed sanctions is a due process violation. The Board Members both in their individual and official capacities therefore have standing to protect their right to represent their constituencies. As such, Plaintiffs have stated a justicible controversy.

## II.

**Defendants' Motion To Dismiss has misstated the nature of Plaintiffs' Voting Rights allegations.**

Plaintiffs contend that the Voting Rights Act is violated when powers that would otherwise belong exclusively to elected officials in a covered jurisdiction are arbitrarily limited by an appointed official. Plaintiffs contend that this limitation by an appointed official of the board's constitutional right to represent its constituency is *de facto* a change in voting procedures that requires pre-

Plaintiffs' Response to Defendants' Motion To Dismiss For Failure To State A Claim

clearance and is a violation of the individual voters' right to be represented by their elected officials.

As set forth in Plaintiffs' Original Petition, Plaintiffs' have made a good faith allegation of racial prejudice. Specifically, the Plaintiffs have alleged that the Commissioner of Education has engaged in a course of conduct where he disproportionately appoints monitors and masters to take over and oversee predominantly Hispanic school districts. Plaintiffs believe that once discovery is done in this case, they will be able to show that easily over 90% of the school districts sanctioned by the Commissioner in the last ten years are school districts with a high proportion of Hispanic students, residents, and board members. The Plaintiffs further believe that they will be able to show that there is no definition of "governance" anywhere in any state law or state regulation by which to advise board members of what conduct might be sanctionable.

It is the Plaintiffs contention that limiting a board member's right to represent his or her constituency and additionally the sanctioning by an appointed official of an elected official who has engaged in no illegal or proscribed conduct is a violation of the Voting Rights Act. The central issue in this case is whether the limiting of the rights of elected officials by an appointed official (The Commissioner of Education) and the appointment by the Commissioner of Education of another official to monitor the lawful actions of elected officials violates the Voting Rights Act..

In <u>Bunton v. Patterson, Allen v. The State Board of Elections</u>, 393 U.S. 544, 89 S. Ct. 817, 22 L.Ed. 2nd 1 (1969), the U.S. Supreme Court held that the replacement of elected officials with appointed officials was a change that effects voting that was covered by §5 of the Voting Rights Act. It is the Plaintiffs' position that sanctioning elected officials, and thereby eliminating their lawful right to represent their constituents for engaging in actions which are not illegal, falls within the <u>Bunton v. Patterson</u> line of decisions.

Plaintiffs' Response to Defendants' Motion To Dismiss For Failure To State A Claim

## III.

### Defendants' Motion To Dismiss Ignores Plaintiffs' State Law Causes of Action.

Finally, Defendants' motion to dismiss ignores Plaintiffs' allegations that the Texas Education Code §s 39.074, 075, 076 and .131 are unconstitutionally vague under both the United States and Texas constitutions. As such, Plaintiffs have stated causes of action for which relief can be granted.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that Defendants' Motion To Dismiss For Failure To State A Cause be denied.

Respectfully submitted,

GUSTAVO L. ACEVEDO, JR.
State Bar No. 00829805
Attorney at Law
1906 Tesoro Blvd.
Pharr, Texas   78577

Telephone: (956) 783-7880
Facsimile:  (956) 783-7884

BY: _____
    GUSTAVO L. ACEVEDO, JR.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument has been forwarded to the following attorney of record via certified mail, return receipt requested:

CMRRR 7000 1530 0005 0023 8448
Jeff A. Armstrong
Assistant Attorney General
P. O. Box 12578
Capitol Station
Austin, Texas   78711-2458

_____
GUSTAVO L. ACEVEDO, JR.

Plaintiffs' Response to Defendants' Motion To Dismiss For Failure To State A Claim

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, AND VICTOR RUBALCABA, OSCAR GUTIERREZ, JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, PLAINTIFFS | § § § § § § § § § | |
| V. | § § | CIVIL ACTION NO. B-01-0190 |
| JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY DEFENDANTS | § § § § § § | |

ORDER

On this ____ day of _____, 200__ came on to be heard Defendants' Motion To Dismiss For Failure to State a Claim. The court having heard the arguments of counsel is of the opinion that this motion should be denied.

_____
U. S. DISTRICT JUDGE

Plaintiffs' Response to Defendants' Motion To Dismiss For Failure To State A Claim