*10*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, AND VICTOR RUBALCABA, OSCAR GUTIERREZ, JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, *Plaintiffs*, | § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. B-01-0190 |
| JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY, *Defendants*. | § § § § § | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY ("TEA"), by and through their attorneys of record, the Attorney General of Texas and the undersigned assistant attorney general, file their Reply to Plaintiffs' Response to Defendants' Motion to Dismiss for Failure to State a Claim. Defendants Nelson and TEA would respectfully show this Court the following:

### Raymondville ISD Has No Right to Bring its Due Process Claims.

1.  In their Motion to Dismiss, Defendants Nelson and TEA argued that Raymondville ISD, as a political subdivision of the State of Texas, is not entitled to assert federal or state due process as a basis for restraining acts of the state against the district. Plaintiffs make no effort to dispute this

argument. Accordingly, Raymondville ISD's due process claims should be dismissed under Rule 12(b)(6).

2.  Plaintiffs nonetheless assert that Defendants' Motion "ignores" Plaintiffs' claim that several state statutes in the Texas Education Code are unconstitutionally vague. (Response, ¶ III). This assertion is plainly not true. The Motion to Dismiss addressed this claim at length. (See ¶¶ 5-9, pp. 2-4 of the Motion).

3.  A claim that a state statute is unconstitutionally vague is a <u>due process</u> challenge, which necessarily is brought under the due process clauses of the state and/or federal constitution. *See, e.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U. S. 489, 497, 102 S. Ct. 1186, 1193 (1982); *Ex Parte Anderson*, 902 S.W.2d 695, 700-01 (Tex. App. -- Austin 1995, pet. denied).

4.  Like other due process claims, a claim that a statute is unconstitutionally vague can only be brought by a "person" or a "citizen"; it cannot be brought by a state subdivision, such as a school district. (See Motion, ¶¶ 5-9). Accordingly, because Raymondville ISD is legally barred from bringing any due process challenges to statutes in the Texas Education Code, it necessarily has no right to argue that those statutes are unconstitutionally vague. For this reason, Raymondville ISD's due process claim based on alleged vagueness of statutes should also be dismissed.

## The Individual Plaintiffs Lack Standing to Bring Individual Due Process Claims.

5.  The individual Plaintiffs, who are members of the school board of Raymondville ISD, argue that Defendants "have carefully ignored" their individual due process claims. (Response, ¶ I, pp. 1-2). This argument is also demonstrably false. Defendants' Motion to Dismiss specifically addressed the due process claims of the individual Plaintiffs. (Motion, ¶ 10-15).

6.  Defendants' Motion showed that the individuals Plaintiffs' due process claims have no merit because those Plaintiffs have not asserted and cannot assert a legally cognizable injury. The reason is that Defendants have not taken any action or threatened to take any action to injure them individually. On the contrary, Plaintiffs' Petition complains of Defendant Nelson's decision to assign a monitor to the school district, not to any board member. (Petition, ¶ IV, pp. 3-4). Furthermore, Plaintiffs admit that the cost of the monitor falls on the district, not on individual board members. (Petition, § IV, p. 4). In addition, the only relief Plaintiffs have requested in this case is an order enjoining Defendants from "Sending a monitor to Raymondville ISD" or taking any action or further sanction "against Raymondville ISD and its Board of Trustees." (Petition, ¶ VII, A-C, pp. 5-6). The Board, of course, is the corporate representative of the district; it acts solely as a single official corporate entity, not through any individual board member. TEX. EDUC. CODE § 11.151(a).

7.  Thus, regardless of the individual board members' feelings about it, the appointment of a monitor was directed to the school district, not to any board members individually. For this reason, the individual Plaintiffs lack standing because they have not asserted the "distinct and palpable injury" that is the constitutional prerequisite for standing in federal court. (See Motion, ¶ 11, p. 4).

8.  Additionally, Defendants do not contend that Commissioner Nelson has the authority to assign a monitor to an individual board member. See TEX. EDUC. CODE § 39.131(6). Commissioner Nelson has not done so and does not intend to do so. As a result, even if Plaintiffs were seeking to enjoin sanctions against them individually, there would be no justiciable controversy here because Defendants assert neither the right nor intention to impose a sanction on the individual Plaintiffs.

## Plaintiffs Have Not Asserted A Valid Claim Under the Voting Rights Act.

9.      Defendants' Motion demonstrated that Plaintiffs do not have a viable claim under the Voting Rights Act because the assignment of a monitor to a school district is not a "voting change" under the Act. The Motion pointed out, without contradiction from Plaintiffs' Response, that a monitor has no power to compel any action by a school board or a superintendent. Because of his limited powers, a monitor cannot possibly affect voting or replace any elective office and, accordingly, cannot trigger the Voting Rights Act.

10.     In addition, the Department of Justice has already determined the specific statutory provision that provides for the appointment of a monitor is <u>not</u> a voting change and does not require preclearance under the Voting Rights Act. *See Texas v. United States*, 532 U.S. 296, 298-99, 118 S.Ct. 1257, 1259 (1998).[1] Plaintiffs refuse to acknowledge this fact, as they continue to request preclearance for a provision already found not to require preclearance. (Response, ¶ 2, pp. 2-3).

11.     Plaintiffs' Response does not address or challenge the determination of the Department of Justice. In fact, Plaintiffs' response fails even to address, much less rebut, any of the arguments and authorities discussed in Defendants' Motion.

12.     Instead, Plaintiffs attempt to salvage their invalid claim by <u>falsely</u> accusing Commissioner Nelson of disproportionately appointing monitors for "predominantly Hispanic school districts." (Response, ¶ 2, p. 3). At no point do Plaintiffs demonstrate the relevance of these deliberately inflammatory allegations, which have nothing to do with the legal arguments presented in

---

[1]This determination directly refutes Plaintiffs' argument that the appointment of a monitor is a voting change "that requires preclearance." (Response, ¶ II, pp. 2-3). The Department of Justice is charged with preclearing all potential voting changes under the Voting Rights Act. Its determination that appointment of a monitor is not a voting change that requires preclearance makes Plaintiffs' argument untenable.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS                     Page 4

Defendants' Motion to Dismiss. In truth, such allegations are designed to divert attention from the issues here, so Defendants will not address them here, except to note that they are completely false.

13. Plaintiffs cite only one case, the Supreme Court's decision in *Bunton v. Patterson*, for their claim. However, the limited holding in *Bunton* has no application here.

14. In *Bunton*, the Supreme Court held that <u>replacement</u> of an elective office with an appointive office could be a voting change under the Voting Rights Act. 393 U. S. 544, 569-70; 89 S. Ct. 817, 834 (1969); *see Presley v. Etowah County Comm'n*, 502 U. S. 491, 506, 112 S.Ct. 820, 830 (1992) (holding that *Bunton* applies only when the state changes an appointive office into an elective office). Thus, to come within the holding in *Bunton*, Plaintiffs would have to allege and prove that Commissioner Nelson's appointment of a monitor had completely removed or replaced the board members' elective offices.

15. Plaintiffs have not made and cannot make this allegation. Given that a monitor lacks the power even to direct a single board action, there is no possibility that the monitor could replace the board or any board member's office.

16. The remainder of the arguments in Plaintiffs' Response lack any legal support, as confirmed by Plaintiffs' inability to cite any authority for them. For instance, Plaintiffs' Response repeatedly states that the Voting Rights Act is violated when an appointed official sanctions an elected official. But Plaintiffs cite no support for this novel view because none exists.

17. As another example, Plaintiffs maintain (again, without citing authority) that the Act covers acts of appointed officials that "arbitrarily limit" powers of elected officials. (Response, ¶ II, p. 2). This argument is flatly wrong for two independent reasons. First, the Supreme Court in *Presley* <u>expressly rejected</u> the argument that the Act applies to reductions, changes, transfers, or distributions

of power of elected officials. 502 U. S. at 503-04, 506, 112 S. Ct. at 829, 830. The Court held that such changes in power are not subject to the Voting Rights Act because they "have no direct relation to, or impact on, voting." *Id.* at 506, 112 S. Ct. at 830.

18. Second, by statute, a monitor lacks the power to restrict or limit anyone's powers, and Defendants have made no effort to give such power to the Raymondville ISD monitor. Plaintiffs do not allege otherwise. Thus, even if the Voting Rights Act covered limitations imposed on the powers of an elected official by an appointed official, Plaintiffs' allegations still would not be sufficient to state a viable claim.

19. Moreover, if Plaintiffs were to suggest that their claim under the Voting Rights Act is based on allegations that the Commissioner failed to comply with state law, they would be unable to state a valid claim. The Fifth Circuit in *United States v. Saint Landry Parish School Board* noted, "[W]e can find no case which even hints that actions of a state official which are in conflict with the state's required procedures should be considered a change in voting procedures enacted or administered by the state . . . " 601 F.2d 859, 864-65 (5th Cir. 1979). Thus, in analyzing whether Plaintiffs have stated a claim under the Voting Rights Act, it must be assumed that the challenged actions of Defendants complied with applicable state law.[2]

## Summary

20. Accordingly, because Plaintiffs have not stated a claim under the Voting Rights Act or under the federal or state constitutions, their case should be dismissed.

---

[2] Of course, if Plaintiffs could show that the appointment of a monitor violated state law, then they could seek recourse under that law instead of the Voting Rights Act and federal and state due process. That they did not seek a remedy under state law evidences their inability to show any violations of state law.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

_____
JEFF A. ARMSTRONG
Texas Bar No. 01321050
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Jeff A. Armstrong, do hereby certify that a true and correct copy of the above and foregoing document was on this January 3, 2002 sent via certified mail, return receipt requested, and/or regular U. S. mail to:

Gustavo L. Acevedo, Jr.
Attorney at Law
1906 Tesoro Boulevard
Pharr, TX 78577

_____
JEFF A. ARMSTRONG
Assistant Attorney General