16

United States District Court
Southern District of Texas
FILED

JAN 2 3 2002

Michael N. Milby
Clerk of Court

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAYMONDVILLE INDEPENDENT § <br> SCHOOL DISTRICT, AND § <br> VICTOR RUBALCABA, OSCAR § <br> GUTIERREZ, JOHN KELLOGG, RAY § <br> SOLIS, HARRY CAVAZOS, § <br> INDIVIDUALLY AND IN THEIR § <br> OFFICIAL CAPACITY AS MEMBERS § <br> OF THE BOARD OF TRUSTEES, § <br>     PLAINTIFFS § <br> § <br> V. § <br> § <br> JIM NELSON, IN HIS OFFICIAL § <br> CAPACITY AS COMMISSIONER OF § <br> EDUCATION AND THE TEXAS § <br> EDUCATION AGENCY § <br>     DEFENDANTS § | CIVIL ACTION NO. B-01-0190 |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Raymondville Independent School District and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees file this their Plaintiffs First Amended Original Complaint complaining of actions taken by Defendant, Jim Nelson, in his official capacity as Commissioner of Education and the Texas Education Agency and in support thereof would show as follows:

I.

PARTIES

1.      Plaintiffs, Raymondville Independent School District is a school district located entirely in Willacy County. Plaintiffs Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees all

reside in Willacy County.

2. Defendant Jim Nelson, in his official capacity is the Commissioner of Education and the Defendant Texas Education Agency, an agency of the State of Texas, have appeared in this matter.

## II.

## JURISDICTION

3. This Court has jurisdiction pursuant to the Tex. Gov't Code §25.000 and 25.0004, the Texas Constitution, the Texas Declaratory Judgment Act, and the Texas Education Code. The Court has jurisdiction over this matter because the issues, the relief requested and the damages are within the jurisdiction of this Court.

## III.

## FACTS

4. On or about July 16-17, 2001, employees of the Texas Education Agency (TEA) in Austin descended upon Raymondville ISD (RISD) to investigate complaints made against the school district by disgruntled ex-members of the RISD Board of Trustees and a few of community members who were likewise upset that their people would no longer have political control of the Board of Trustees.

5. During that TEA "investigation", the employees of the TEA badgered, harassed, insulted and otherwise attempted to humiliate members of the Board of Trustees and the administrative staff of RISD. When the TEA employees were informed that their tactics had left one RISD employee in tears, the TEA employee's response was "well, if she can't handle this type of pressure, maybe she needs to get a new job."

6.      On or about September 5, 2001, these same employees issued a preliminary report. The report stated that two out of the three allegations they were sent to investigate were unsubstantiated.

7.      The charge which the TEA claimed was substantiated was a governance violation. Upon information and belief, the TEA has never concluded that an allegation of governance by Board members in a predominantly Hispanic district is unsubstantiated. The TEA, over the years and up until this present day, uses a finding of governance as a reason to impose oversight upon predominantly Hispanic governed districts. To add insult to injury, Texas Education Code §39.131 (d) requires the school district to pay for this unwanted oversight.

8.      None of the "governance" violations set forth in the report violated any specific provision set forth in the Education Code. In fact, the actions in the report show that the Board members were merely making legitimate inquiries on behalf of the constituents they were elected to represent. There is no evidence that any Board member acted illegally.

9.      Since the preliminary report contained no sanctions, the Board chose not to seek informal review to correct the innumerable misstatements of law and fact. Had the Board known that the failure to challenge the report would result in the imposition such sanctions as the requirement that the Board take classes on Roberts Rule of Order or that their failure to clarify the TEA report's gross distortions of the Education Code would result in the imposition of a monitor which they would have to pay for, the Board would have challenged the report.

10.     On October 11, 2001, the Commissioner issued his final report which contained numerous "Required Actions" and sanctions not contained in the preliminary report. When the Board asked the Commissioner to reconsider based on the fact that the Board felt it had been duped, the Defendants' response was that these final reports were not subject to reconsideration. Further,

Defendant Nelson informed RISD in another letter that a monitor would arrive on November 13, 2001 to begin his oversight of the district, paid for by the district. The TEA has refused to even meet with the school district much less provide them with the opportunity to be heard.

## IV.

## CAUSES OF ACTION

### Violation of Rights Under Texas Constitution

11.     Plaintiffs aver that Texas Education Code §39.074, .075, .076 and .131 violates their due course of law rights under Texas Constitution. Specifically, the failure to require the TEA to advise a school district of the TEA's recommended actions and final sanctions in the preliminary report, before the issuance of the final report, which is not subject to reconsideration, is a violation of the Board member's rights under the Texas Constitution. Additionally, the failure to inform the Board of the required actions and sanctions prior to the appointment of an individual with oversight authority over the school district is an infringement on the elected Board members rights under Texas Law.

12.     Further, the imposition of sanctions against the Plaintiffs by Defendants for violation of "governance" provisions which are nowhere defined in the Education Code is a violation of the Texas Constitution and an infringement on Plaintiffs' rights under Texas Law. As such, the Texas Education Code provisions permitting the appointment of a monitor are unconstitutionally vague and infringes upon the rights of elected officials under Texas Laws.

## V.

### Texas Education Code §39.071 et seq and 39.131 et seq
### Violate Texas Constitution and Texas Law

13.     The Texas Education code contains no provisions which define "governance" nor does the code contain any provisions which set forth in any manner what kind of conduct will

subject a school district to sanctions by the TEA. As such, the statutes purporting to give authority to the TEA to sanction school district for undefined "violations" are so vague as to violate Plaintiff's rights under the Texas Constitution and Texas Law.

14. Plaintiff's hereby request that the Court declare the Texas Education Code §39.071 and 131.39 regarding the imposition of sanctions against school district for "governance" violation be declared unconstitutionally vague under the Texas Constitution and Texas Law.

## VI.

## ATTORNEYS FEES

15. Plaintiffs have s retained the law offices of Gustavo L. Acevedo, Jr. and Gilbert L. Vasquez to represent Plaintiffs in this action and have agreed to pay the attorneys reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiffs would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code, the Declaratory Judgment Act and the Texas Constitution.

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear and answer herein, and that on final hearing, Plaintiffs have judgment declaring as follows:

1. That the Defendant's be prohibited from:
    a. Sending a Monitor to Raymondville ISD;
    b. Taking any actions against Raymondville ISD and its Board of Trustees which infringe upon their rights under the Texas Constitution and Texas Law.
    c. Imposing any further unannounced sanctions or retaliating against Raymondville ISD or its Board of Trustees.
2. That Raymondville ISD be given the opportunity to refute the gross distortions facts

and misstatements of law contained in the TEA report and that upon such presentation that the report be corrected and amended to accurately reflect the true facts and the law.

3. That the Education Code provision relating to the appointment of monitors and masters be voided because these provisions are unconstitutionally vague.

4. Attorney's fees.

5. Costs of suit.

6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**GUSTAVO L. ACEVEDO, JR.**
State Bar No. 00829805
Attorney at Law
1906 Tesoro Blvd.
Telephone: (956) 783-7880
Facsimile:  (956) 783-7884

**GILBERT L. VASQUEZ**
State Bar No. 00797593

ATTORNEY'S FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing document was forwarded to the following attorney of record via certified mail, return receipt requested and via facsimile.

**CM RRR 7000 1530 0005 0023 8578**

Jeff A. Armstrong
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas   78711-2548
(512) 320-0667

On this the 22ND day of January, 2002.

GUSTAVO L. ACEVEDO, JR.