20

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT, AND VICTOR RUBALCABA, OSCAR GUTIERREZ, JOHN KELLOGG, RAY SOLIS, HARRY CAVAZOS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, PLAINTIFFS | § § § § § § § § § § | |
| V. | § § § | CIVIL ACTION NO. B-01-0190 |
| JIM NELSON, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION AND THE TEXAS EDUCATION AGENCY DEFENDANTS | § § § § § § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFF'S REQUEST
FOR TEMPORARY INJUNCTION**

**COMES NOW**, Plaintiffs', Raymondville Independent School District and Victor Rubalcaba, Oscar Gutierrez, John Kellogg, Ray Solis, Harry Cavazos, Individually and in their Official Capacity as Members of the Board of Trustees and file this their Plaintiffs' Brief in Support of Plaintiffs' Request for Temporary Injunction and in support thereof would show as follows:

**I. FACTS**

On or about July 16-17, 2001, the Defendants investigated various rumors regarding the Raymondville Independent School District and actions taken by its Board. Upon completing its investigation, the Defendants issued a report wherein it stated that the school board had committed a "governance" violation. Within the report, there was no mention of a sanction. However, approximately a month later, the Defendants issued a final report ordering the Plaintiffs to accept

the appointment of a monitor as a sanction. This sanction is a violation of the Plaintiffs' course of law rights under the Texas Constitution. The Texas Education Code establishes that the Defendants must provide the Plaintiffs with notice of its preliminary findings and an opportunity for an informal review by the Commissioner or a designated hearing examiner. Tex.E.Code 39.076 (b). However, because of the deficiency in the notice of findings, the Plaintiffs' were not apprised of the sanctions prior to the imposition of the sanctions and therefore were denied due course of law.

In addition, the imposition of sanctions against the Plaintiffs by Defendants for purported violations of "governance" provisions, which are nowhere defined in the Education Code, is a violation of the Texas Constitution and is an infringement on Plaintiffs' rights under Texas Law. As such, the Texas Education Code provisions permitting the appointment of a monitor are unconstitutionally vague and infringe upon the rights of elected officials under Texas Laws. The aforementioned acts are a violation of the Plaintiffs' due course of law rights and therefore, the Plaintiffs are requesting that the Court issue a Preliminary Injunction against the Defendants from issuing a monitor to the school district.

## II. TEMPORARY INJUNCTION

In obtaining an injunction, the Courts have held that a party must demonstrate the following:

1. A substantial likelihood of success on the merits. **U.S. v. Microsoft Corp.**, 147 F3d 935, 943 (D.C. Cir.1998); **DSC Comm. Corp v. DGI Tech., Inc.**, 81 F3d 597, 600 (5th Cir. 1996); **Johnson v. California State Bd. Of Accountancy**, 72 F3d 1427, 1430 (9th Cir. 1995); **Performance Unlimited, Inc. v. Questar Publishers, Inc.** 52 F.3d 1373, 1381 (6th Cir. 1995); **SEC v. Lauer**, 52 F.3d 667, 671 (7th Cir. 1995);

2. The potential for irreparable injury to plaintiff unless the court grants an injunction. **Sampson v. Murray**, 415 U.S. 61, 88-89, 94 S.Ct. 937, 952-53 (1974); **Hoechst**, 174 F.3d at 417;

**DSC**, 81 F.3d at 600; **Johnson,** 72 F.3d at 1430; **Performance Unlimited**, 52 F.3d at 1381;

    3.    A balancing of the relevant equities, most importantly the hardship to the defendant if the injunction is issued as opposed to the hardship to the plaintiff if interim relief is denied. *See, e.g.,* **Hughes Network Sys., Inc. v. Interdigital Comm. Corp.,** 17 F.3d 691, 693 (4th Cir. 1994); see **Hoechst,** 174 F.3d at 417; **Microsoft,** 147 F.3d at 943; **Johnson,** 72 F.3d at 1430; **Performance Unlimited**, 52 F.3d at 1381;

    4.    The effect on the public interest of a grant or denial of an injunction. **Hoechst,** 174 F.3d at 417; **DSC**, 81 F.3d at 600; **Performance Unlimited**, 52 F.3d at 1373.

<u>*A. THE PLAINTIFFS HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS*</u>

The Texas Constitution Article II Section 19 states that:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

The Texas due course of law provision, on its face, goes beyond the due process standards of the 14th Amendment to the U.S. Constitution to specifically address disfranchisement, i.e. the prohibition against abridging a citizen's right to exercise a privilege bestowed by law. The Texas Supreme Courts has held that elected officials have a "right" to represent their constituencies and that, before that right can be taken away or abridged, they must be given "due process." **Tarrant County et. al v. Ashmore et.al**, 635 S.W. 2d 417, (Tex. 1983). The appointment of a monitor is a sanction upon an elected official. Before a sanction can be imposed, the elected official is entitled to sufficient notice and the opportunity to be heard. In the case at bar, the Plaintiffs' have alleged that the Defendants have violated the Plaintiffs rights in the following manner:

1.  The Defendant did not give the Plaintiffs' any notice of sanctions; and

2.  The statute which purports to grant authority to sanction "governance" violations is unconstitutionally vague.

As expressed above, the Texas Education Code clearly establishes the Plaintiffs' right to challenge the Defendants' preliminary report prior to issuing the final report. However, the Plaintiffs were not informed of any sanctions prior to the issuance of the final report thereby depriving the Plaintiffs' the opportunity to challenge the report. Tex. Ed. C. 39.076(b). By not aprising the Plaintiffs of the sanctions prior to the issuance of a final report, the Defendants violated the statute and the Plaintiffs' due course of law rights. In addition, the Defendants findings that the Plaintiffs' actions were a "governance" violation is unconstitutional as the Texas Education Code does not define what constitutes a "governance" violation. Therefore, the Plaintiffs will have a substantial likelihood of succeeding on the merits as it can be established that the Defendants did not provide Plaintiffs' of any notice of sanctions prior to the issuance of a final report and that the Texas Education Code does not define a "governance" violation.

## B. PLAINTIFFS HAVE A POTENTIAL FOR IRREPARABLE INJURY UNLESS THE COURT GRANTS AN INJUNCTION

Plaintiff's will suffer irreparable injury if the Defendant's are not enjoined during the pendency of this lawsuit from sending a monitor to Raymondville Independent School District. As expressed above, the Plaintiff's are being deprived of their interests without due course of law. Specifically, the Defendant's have sanctioned the Plaintiffs by appointing a "Monitor." First, the Defendant's appointment of a monitor is unconstitutional. On or about September 5, 2001, Defendants cited the Plaintiffs as committing a "governance" violation and, therefore, justified in sanctioning the Plaintiffs with the appointment of a monitor. However, the Texas Education Code

does not define a "governance" violation and therefore it is unconstitutionally vague.

Secondly, the Defendants violated the Plaintiffs' due course of law rights as the Defendants did notify Plaintiffs' of any sanctions prior to the appointment of a monitor. As indicated, the Defendants first issued a report regarding one "governance" violation without any mention of any sanctions. Subsequently, the Defendants issued a final report and sanctioned the Plaintiffs with the appointment of a monitor. In issuing a substantially different "final" report from the "preliminary" report, the Defendants fraudulently deprived the Plaintiffs' opportunity to contest the appointment of a monitor. In addition, the Plaintiffs do not have an adequate remedy at law as the Defendant's assured themselves that the Plaintiffs' would not be able to contest the appointment of a monitor without initiating a lawsuit. As the Plaintiffs did not have the opportunity to contest the appointment of a monitor, the Defendants violated the Plaintiffs' due process rights. Thus, if this Court does not grant this injunction and deny the Defendants the ability to send a monitor to R.I.S.D., the Plaintiffs will incur irreparably injury.

Finally, as previously stated, the Plaintiff's have shown that Defendants actions amount to a deprivation of their due course of law rights under the Texas Constitution. It has been held that the deprivation of a constitutional right is irreparable harm as a matter of law. **Maxes v. Smith** 823 F. Supp 1321 (N.D. Miss. 1993); **Ruiz v. Estelle** 650 F.2d 555; **In re Nexstar Broadcasting Group, Inc.** 2000 WL 1053950 (Tex. App -Amarillo), July 31, 2000. As such, sufficient irreparable harm exists to warrant the issuance of a preliminary injunction pending final adjudication of this case.

### C. THE THREATEN HARM TO THE PLAINTIFFS OUTWEIGHS THE HARM A PRELIMINARY INJUNCTION WOULD INFLICT ON DEFENDANTS

Within the Defendants' final report, the Plaintiffs were ordered to accept the appointment of

an Monitor at a cost of approximately $250.00 a day. The Plaintiffs would be harmed because they can not afford this extra cost. However, there is no harm that would be caused to the Defendants if the injunction is granted. Therefore, the harm to the Plaintiffs outweighs the harm to the Defendants.

### D. ISSUANCE OF PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

The Raymondville Independent School District is represented by school board members, who have been elected by the community of Raymondville, Texas. The issuance of the injunction would directly benefit the community as it would prevent them from baring the cost of the monitor. In addition, the injunction would allow the community to voice its concern regarding

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask the Court to grant the preliminary injunction and for any other relief they maybe justly entitled to.

Respectfully submitted,

GUSTAVO L. ACEVEDO, JR.
State Bar No. 00829805
Attorney at Law
1906 Tesoro Blvd.
Telephone: (956) 783-7880
Facsimile: (956) 783-7884

GILBERT L. VASQUEZ
State Bar No. 00797593

ATTORNEY'S FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing document was forwarded to the following attorney of record via certified mail, return receipt requested and via facsimile.

**CM RRR # 7000 1530 0001 0966 0466**

Jeff A. Armstrong
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas   78711-2548
(512) 320-0667

On this the 23rd day of January, 2002.

GUSTAVO L. ACEVEDO, JR.